CUGLIOTTA BROTHERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT, v. NEW JERSEY DEPARTMENT OF LABOR AND INDUSTRY, OFFICE OF LABOR RELATIONS AND WORK PLACE STANDARDS, WILLIAM J. CLARK, AND THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 1, 1979—Decided June 6, 1979.

Before Judges MATTHEWS, KOLE and MILMED.

*Mr. Robert F. Blomquist* argued the cause for appellant (*Mr. William H. Wells,* attorney; *Mr. Blomquist* on the brief).

*Mr. Michael S. Bokar,* Deputy Attorney General, argued the cause for respondents (*Mr. John J. Degnan,* Attorney

General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Bokar,* on the brief).

PER CURIAM. The single issue before us on this appeal is whether the record-keeping and wage requirements of the Prevailing Wage Act, *L.* 1963, *c.* 150, as amended, *N. J. S. A.* 34:11–56.25 *et seq.,* apply to officers and directors of corporate contractors who perform work on public projects to which the act is applicable.

The essential facts may be briefly summarized. Appellant corporation, a construction firm, was awarded a contract by the City of Burlington for street reconstruction work. The specifications for the work, made part of the contract, provided in pertinent part that

> The provisions of the New Jersey Prevailing Wage Act (Chapter 150, Laws of 1963, as amended by Chapter 64, Laws of 1974) are applicable to this Contract. All workmen employed by the Contractor or any subcontractor in the performance of this Contract shall be paid rates of wages not less than those stated in the Prevailing Wage Rate Determination of the New Jersey Department of Labor and Industry in Division 1, Section 10, of these Specifications. * * *

Appellant was asked by the Supervisor of the Public Contracts Section in the Wage and Hour Bureau of the Department of Labor and Industry (Department) to produce its time and payroll records in regard to its employees engaged in the performance of the public work project. Other Department representatives also made requests for the production of these records. Appellant apparently produced data regarding six of its employees engaged on the project, but refused to make available records regarding its two corporate officers-directors, Jacob Cugliotta, its president, and Santo Cugliotta, its secretary-treasurer, both of whom participated "in some of the manual work of their business" in addition to performing the corporation's supervisory functions. Appellant

argued in essence that the Prevailing Wage Act (act) did not apply to workers who are also officers-directors of a corporate contractor. The Assistant Commissioner of the Department did not agree. He informed appellant's counsel that it was the Department's firm position "that records must be kept for each workman employed in connection with a public work." Additionally, he denied counsel's request for "a formal administrative review" of the decision, and asked that appellant "make the records of all workers employed on this project available" for inspection by the Department. This appeal followed.

Appellant corporation contends that the term "workman" as used in the Prevailing Wage Act does not apply to "owner-operators of small family run businesses" such as it; that the Department's decision that it does apply is "an error of law which affects the rights of the Appellant to conduct its business"; that the decision is "arbitrary, capricious, characterized by abuse of discretion, and is an unwarranted exercise of discretion which has substantially prejudiced appellant's rights" and that the decision "violates the appellant's constitutional rights in that it is manifestly unreasonable, deprives the appellant of property without due process of law and/or equal protection of the laws, and exceeds the statutory authority of the Department as established by the Legislature."

We have considered these contentions and the arguments advanced in support of them in our review of the record submitted on the appeal. We find each of the issues raised by appellant to be clearly without merit. *R.* 2:11–3(e)(1)(D), (E).

The exclusion sought by appellant is nowhere to be found in the applicable statute. One of the sections of the act, *N. J. S. A.* 34:11–56.29, provides in clear terms that

Every contractor and subcontractor shall keep an accurate record showing the name, craft or trade, and actual hourly rate of wages paid to each workman employed by him in connection with a public

work and such records shall be preserved for 2 years from date of payment. The record shall be open at all reasonable hours to the inspection of the public body awarding the contract and to the commissioner.

In equally clear terms, another section of the act, *N. J. S. A.* 34:11–56.31, provides:

The commissioner shall have the authority to:

(a) investigate and ascertain the wages of workmen employed in any public work in the State;

(b) enter and inspect the place of business or employment of any employer or workmen in any public work in the State, for the purpose of examining and inspecting any or all books, registers, payrolls, and other records of any such employer that in any way relate to or have a bearing upon the question of wages, hours, and other conditions of employment of any such workmen; copy any or all of such books, registers, payrolls, and other records as he or his authorized representative may deem necessary or appropriate; and question such workmen for the purpose of ascertaining whether the provisions of this act have been and are being complied with; and

(c) require from such employer full and correct statements in writing, including sworn statements, with respect to wages, hours, names, addresses, and such other information pertaining to his workmen and their employment as the commissioner, or his authorized representative may deem necessary or appropriate.

Beyond this, the term "workman" as used in the Act and which appellant contends should not, for the purposes of the act, apply to "owner-operators of small family run businesses" such as Cugliotta Brothers, Inc., is broadly defined in the act, *N. J. S. A.* 34:11–56.26, paragraph 7, as follows:

"Workman" includes laborer, mechanic, skilled or semi-skilled, laborer and apprentices or helpers employed by any contractor or subcontractor and engaged in the performance of services directly upon a public work, regardless of whether their work becomes a component part thereof, but does not include material suppliers or their employees who do not perform services at the job site.

Appellant suggests that since Jacob and Santo Cugliotta "are principal stockholders, directors and officers of a closely-held construction corporation," and "manifestly * * * the policy-

setting decision-makers of their enterprise," they do not properly come within the Act's definition of "workman" despite their "participation in some of the manual work of their business." We disagree. To adopt appellant's suggested limitation on the meaning of the term would run contrary to (1) the quoted statutory definition; (2) the spirit of the act as expressed in *N. J. S. A.* 34:11–56.25, see *Male v. Ernest Renda Contracting Co.*, 122 *N. J. Super.* 526 (App. Div. 1973), aff'd 64 *N. J.* 199 (1974), *cert.* den. 419 *U. S.* 839, 95 *S. Ct.* 69, 42 *L. Ed.* 2d 66 (1974) and (3) decisional law in other, but analogous areas, see *e. g., Mahoney v. Nitroform Co. Inc.*, 20 *N. J.* 499 (1956).[1] in which the court pointed out that

* * * it is settled law in our State that when corporate officers perform work which if performed by anyone else would confer employee status for the purposes of the Workmen's [now Workers'] Compensation Act the officers have that status. [at 504].

See also, *Paramus Bathing Beach v. Div. of Employment Security,* 31 *N. J. Super.* 128 (App. Div. 1954), in which this court, in construing the term "employment" as defined in the Unemployment Compensation Law at *N. J. S. A.* 43:21–19(i)(1), pointed out (at 132), among other things, that "[t]he intimation that the relationship of employer and employee cannot exist between a corporation and its officers is unrealistic."

The decision of the Department of Labor and Industry under review is affirmed.

---

[1]Decided prior to the enactment of *L.* 1956, *c.* 160, which included within the statutory definition of "employee" in *N. J. S. A.* 34:15–36 "officers of corporations, who perform service for an employer for financial consideration * * *."